**Carrol Richard OLSON, Plaintiff,**

v.

**Harold COLEMAN, et al., Defendants.**

**No. 91–3339–S.**

United States District Court, D. Kansas.

Sept. 8, 1992.

be bootstrapped into petitioner's habeas corpus petition.

Carroll Richard Olson, pro se.

Douglas F. Martin, Porter, Fairchild, Wachter & Haney, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' Motion to Dismiss and Motion for Summary Judgment. Plaintiff proceeds pro se and in forma pauperis in this action brought under 42 U.S.C. § 1983. He complains that when he was transferred from the custody of Bourbon County officials to the custody of the Kansas State Department of Corrections, that Bourbon County

official Beth intentionally hit plaintiff in the head. Plaintiff claims this action constitutes cruel and unusual punishment under the eighth amendment. Plaintiff seeks compensatory and punitive damages, and injunctive relief to prevent his transfer back to the custody of the Bourbon County officials.[1] Plaintiff also claims Bourbon County Sheriff Coleman is liable for damages because Sheriff Coleman is responsible for the operation of the Bourbon County Sheriff's office and all of its staff. Plaintiff filed a response to defendants' motion to dismiss or for summary judgment.

*Factual background*

On May 10, 1991, Bourbon County officials Odell and Beth transported plaintiff to Lansing Correctional Facility (LCF) in Lansing, Kansas. Plaintiff claims defendant Beth struck plaintiff once on the head while plaintiff was handcuffed and escorted across the LCF parking lot. Plaintiff claims two LCF officers witnessed the assault and prevented Beth from delivering further blows.

Defendant Beth denies striking or injuring plaintiff, and indicates the only physical encounter during the transfer occurred when defendant Beth took plaintiff's arm to help him step from a curb.

When plaintiff first claimed he was injured by defendant Beth, the matter was reported to LCF Intelligence and Investigation. The resulting investigation revealed that defendant Beth arrived at LCF at 10:25 a.m. and left the facility at 10:31 a.m. There is no log entry of the alleged assault by any officer in the tower overseeing the area in which prisoners are received. By affidavit, LCF guards either stationed to observe the unloading of prisoners, or to escort prisoners into LCF, indicated they did not see or note any disturbance when plaintiff left the Bourbon County car and entered the facility. The LCF staff trained to observe incoming prisoners saw nothing to indicate plaintiff had just been injured,

1. After this action was filed, petitioner was returned to Bourbon County to attend other civil and criminal proceedings in Bourbon County District Court. Plaintiff was held in the Southeast Kansas Regional Correctional Center (SEKRCC). This court denied plaintiff's request for an emergency order to have him transferred back to state custody in Lansing Correctional Facility, Lansing, Kansas. Following completion of the Bourbon County cases, plaintiff was returned, and currently is confined, at LCF.

and plaintiff did not complain during his admission that he had been struck.

Plaintiff did not seek medical attention for over two hours after he was admitted. When plaintiff was seen by a prison nurse, she noted that plaintiff had a contusion on his left temple, and she dispensed a single dose of non-prescription medication.

Also by affidavit, a juvenile offender who remained in the Bourbon County car and who observed defendant Beth take plaintiff into LCF states that he saw no one hit or strike plaintiff. The juvenile also stated that plaintiff struck his head on the car when plaintiff bent down to get a coat out of the vehicle. Plaintiff acknowledges that a juvenile was in the car, but claims neither the juvenile nor the Bourbon County officer remaining in the car would have been able to see the alleged beating by defendant Beth.

Plaintiff denies striking his head on the car, and claims defendant Beth and the juvenile offender are lying. He also claims LCF guards and officials are covering up for defendant Beth.

### Standard for Summary Judgment

Summary judgment is appropriate where no material factual issue is in dispute, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). Although the court must resolve all factual disputes and draw all inferences in favor of the nonmoving party, *Reazin v. Blue Cross & Blue Shield*, 899 F.2d 951, 979 (10th Cir.), *cert. denied*, 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990), a party opposing a motion for summary judgment may not rest on mere allegations or denials to demonstrate that there is a genuine issue of material fact for trial, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Where the moving party demonstrates an absence of genuine issue of material fact, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir.1990). The summary judgment rule is to be interpreted in a way that allows the

court to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### Discussion

Having reviewed the record, the court finds no support for plaintiff's allegation that he was subjected to cruel and unusual punishment. At most, there is evidentiary support for the fact that plaintiff, at some time that day, suffered an injury that raised the contusion observed later that afternoon by the LCF nurse. Significantly, however, there is no evidentiary support to plaintiff's claim that the injury resulted from a blow that was administered by defendant Beth. To the contrary, LCF guards indicate they observed the transfer and observed plaintiff once he was in the facility, and they saw nothing to support plaintiff's claim. Plaintiff cannot overcome these observations of the LCF guards by his broad and conclusory claim of a cover up.

Even if the court were to assume plaintiff's allegation as true, the single blow described fails to constitute the excessive use of force prohibited by the eighth amendment. The eighth amendment "does not reach de minimis uses of physical force, provided that such use is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, —— U.S. ——, ——, 112 S.Ct. 995, 996, 117 L.Ed.2d 156 (1992). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, —— U.S. at ——, 112 S.Ct. at 1000. The court finds no such repugnant use of force is evident in the present case. *Compare, Candelaria v. Coughlin*, 787 F.Supp. 368, 374 (S.D.N.Y.1992) (allegation of single incident of guard using force to choke inmate distinguished from injuries alleged in *Hudson* ). Plaintiff's attempt to characterize the alleged beating as "similar to Rodney King in California without cause or reason while *handcuffed and shackled with chains complete*" to be a misleading overstatement under the uncontroverted facts.

Finding plaintiff has not stated a claim of cruel and unusual punishment under the eighth amendment upon which re-

·lief can be granted, the court concludes that defendants are entitled to summary judgment as a matter of law.[2]

■ Also before the court is defendants' request that sanctions be imposed to prevent plaintiff from filing further pleadings without permission of the court (Doc. # 17). The court has considered defendants' request for sanctions, but declines to impose them because of plaintiff's pro se status.

IT IS ORDERED that defendants' motion for summary judgment is granted, and that all relief requested by plaintiff is denied.

IT IS FURTHER ORDERED that defendants' motion for sanctions is denied.

---

2. The court additionally finds that dismissal of defendant Coleman from this action is appropriate, independent of the court's findings regarding the sufficiency of plaintiff's claim of constitutional deprivation. Plaintiff does not set forth any personal participation on the part of this defendant in the alleged wrongdoing. *See Young v. Sedgwick County, Kan.,* 660 F.Supp. 918 (D.Kan.1987) (personal involvement required in constitutional deprivation). Further, plaintiff's claims against this defendant are based on respondeat superior, a doctrine not recognized in an action brought under § 1983. *See Marks v. Lyon County Bd. of County Com'rs,* 590 F.Supp. 1129 (D.Kan.1984) (no respondeat liability for § 1983 action based on violations of constitutional and civil rights).