United States Court of Appeals,

Fifth Circuit.

No. 91-4897,

Summary Calendar.

Harry L. JACKSON, Plaintiff-Appellant,

v.

R.E. CULBERTSON, Sheriff, et al., Defendants-Appellees.

March 4, 1993.

Appeal from the United States District Court for the Eastern District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

The district court adopted the report and recommendation of the magistrate judge dismissing plaintiff's *pro se* and *in forma pauperis* § 1983 complaint as frivolous under 28 U.S.C. § 1915(d). We affirm, relying on the reasons stated by the magistrate and adopted by the district court as to all claims, except plaintiff's use of force claim.

Jackson, previously a prisoner confined in the Jefferson County Jail, based his excessive use of force claim on the following facts. While in prison, Jackson started a fire with a match and the core of a role of toilet paper. The fire alarm went off, prompting prison officials to take action. One official arrived with a fire extinguisher. The fire had already gone out by the time he arrived; nonetheless, the official sprayed the remaining ashes, as well as Jackson and two other inmates. Jackson testifi$ed at his *Spears* hearing that he did not receive any injuries.

Because our precedent at the time of the magistrate's decision required a "significant injury," *see Johnson v. Morel,* 876 F.2d 477, 480 (5th Cir.1989) (en banc) (under the Fourth Amendment); *Oliver v. Collins,* 914 F.2d 56, 59 (5th Cir.1990) (under the Eighth Amendment); *Shillingford v. Holmes,* 634 F.2d 263 (5th Cir.1981) (under the Due Process Clause), the magistrate found this claim to be frivolous. However, after the magistrate's decision, the Supreme Court held that a significant injury is not required for an excessive force claim under the Eighth Amendment. *Hudson v.*

*McMillian,* --- U.S. ----, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Although, Jackson need not show a significant injury, he must have suffered at least some injury. The Court in *Hudson* also stated that

> The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Id.* --- U.S. at ----, 112 S.Ct. at 1000. Apparently, Jackson was a pretrial detainee so that his claim is governed by the Due Process Clause rather than the Eighth Amendment. Regardless, the standard is the same. *See Valencia v. Wiggins,* 981 F.2d 1440 (5th Cir.1993) (holding that *Hudson's* test for excessive force under the Eighth Amendment applies to a pretrial detainee's excessive force claim under the Due Process Clause).

Because he suffered no injury, we find that the spraying of Jackson with the fire extinguisher was a *de minimis* use of physical force and was not repugnant to the conscience of mankind. *Cf. Olson v. Coleman,* 804 F.Supp. 148, 150 (D.Kan.1992) (finding a single blow to the head causing a contusion to be *de minimis* and not repugnant); *Candelaria v. Coughlin,* 787 F.Supp. 368, 374 (S.D.N.Y.1992) (allegation of single incident of guard using force to choke inmate was *de minimis*), *aff'd,* 979 F.2d 845 (2d Cir.1992). The dismissal of Jackson's claims under § 1915(d) is therefore AFFIRMED.