Harry L. JACKSON, Plaintiff–Appellant,

v.

R.E. CULBERTSON, Sheriff, et al., Defendants–Appellees.

No. 91–4897

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 4, 1993.

---

Harry L. Jackson, Huntsville, TX, for plaintiff-appellant.

Richard F. Baker, Dist. Atty.'s Office, Roger N. Fry, ACDA, Thomas F. Rugg, 1st Asst., Beaumont, TX, for R.E. Culbertson, M. Trahan, G. Wiggins and K. Kaufman.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

The district court adopted the report and recommendation of the magistrate judge dismissing plaintiff's *pro se* and *in forma pauperis* § 1983 complaint as frivolous under 28 U.S.C. § 1915(d). We affirm, relying on the reasons stated by the magistrate and adopted by the district court as to all claims, except plaintiff's use of force claim.

Jackson, previously a prisoner confined in the Jefferson County Jail, based his excessive use of force claim on the following facts. While in prison, Jackson started a fire with a match and the core of a role of toilet paper. The fire alarm went off, prompting prison officials to take action. One official arrived with a fire extinguisher. The fire had already gone out by the time he arrived; nonetheless, the official sprayed the remaining ashes, as well as Jackson and two other inmates. Jackson testifi$ed at his *Spears* hearing that he did not receive any injuries.

■ Because our precedent at the time of the magistrate's decision required a "significant injury," *see Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir.1989) (en banc) (under the Fourth Amendment); *Oliver v. Collins*, 914 F.2d 56, 59 (5th Cir.1990) (under the Eighth Amendment); *Shillingford v. Holmes*, 634 F.2d 263 (5th Cir.1981) (under the Due Process Clause), the magistrate found this claim to be frivolous. However, after the magistrate's decision, the Supreme Court held that a significant injury is not required for an excessive force claim under the Eighth Amendment. *Hudson v. McMillian*, — U.S. —, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Although, Jackson need not show a significant injury, he must have suffered at least some injury. The Court in *Hudson* also stated that

> The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Id.* — U.S. at —, 112 S.Ct. at 1000. Apparently, Jackson was a pretrial detainee so that his claim is governed by the Due Process Clause rather than the Eighth Amendment. Regardless, the standard is the same. *See Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir.1993) (holding that *Hudson's* test for excessive force under the Eighth Amendment applies to a pretrial detainee's excessive force claim under the Due Process Clause).

■ Because he suffered no injury, we find that the spraying of Jackson with the fire extinguisher was a *de minimis* use of physical force and was not repugnant to the conscience of mankind. *Cf. Olson v. Coleman*, 804 F.Supp. 148, 150 (D.Kan. 1992) (finding a single blow to the head causing a contusion to be *de minimis* and not repugnant); *Candelaria v. Coughlin*, 787 F.Supp. 368, 374 (S.D.N.Y.1992) (allegation of single incident of guard using force to choke inmate was *de minimis*), *aff'd*, 979 F.2d 845 (2d Cir.1992). The dismissal of Jackson's claims under § 1915(d) is therefore AFFIRMED.