**Milton Paul WARREN**

v.

**Richard HUMPHREY, et al.**

**Civ. A. No. 1:92cv414.**

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 13, 1995.

---

Milton Paul Warren, pro se and Karla J.M. Rogers, Vidor, TX, and Michael Abbott, Orange, TX, for Milton Paul Warren.

John Russell, Orange, TX, Allison Helen Fletcher, Asst. County Atty., Dist. Attorney's Office, Sequin, TX, for Rick Humphrey, Donald Harmon, Orange County, Ken Ray, Martin Smith, and Dennis Marlow.

Olen Kenneth Dodd, Asst. U.S. Atty., U.S. Attorney's Office, Beaumont, TX, for Eugene Rachal and Kenneth Weaver.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HINES, United States Magistrate Judge.

Plaintiff makes five separate claims of excessive force in violation of the Eighth Amendment. First, plaintiff alleges Sgt. Martin Smith kicked him in the head on April 13, 1992. Second, plaintiff asserts Officer Donald Harmon attacked him without provocation on May 25, 1992. Third, plaintiff asserts defendants Harmon and Captain Richard Humphrey used excessive force against him during a jail evacuation on August 25, 1992. Fourth, plaintiff asserts defendant Officer Dennis Marlow used excessive force against him on November 15, 1992. Lastly, plaintiff alleges three officers, who are not named as defendants, used excessive force against him on January 3, 1993.

The case proceeded to a non-jury trial before this court. On June 1, 2, 3, and 16, 1994, the parties presented testimony and evidence before the court. Pursuant to FED.R.CIV.P. 52, the court announces and adopts the following Findings of Fact and Conclusions of Law.

## I.

### FINDINGS OF FACT

#### A. General Findings

(1) On October 5, 1993, pursuant to written consent of counsel for each party, this case was referred to the undersigned United States Magistrate Judge for trial and entry of judgment.

(2) Plaintiff is an inmate confined in the Darrington Unit of the Texas Department of Criminal Justice, Institutional Division in Rosharon, Texas.

(3) Defendant Ken Ray is the former jail administrator at the Orange County Jail.[1] Defendant Richard Humphrey is the jail administrator at the Orange County Jail. Defendant Donald Harmon is a correctional officer at the Orange County Jail. Defendant James Marlow is a correctional officer at the Orange County Jail. Defendant Martin Smith is a former correctional sergeant at the Orange County Jail.

#### B. Specific Findings

(1) On April 13, 1992, Officer Mark Philpott went to plaintiff's cell to tell him to get ready to go to court. When Philpott returned plaintiff was still not dressed. Officer Philpott told plaintiff to put his shirt on. Plaintiff told Officer Philpott that if he wanted plaintiff to wear the shirt he would have to put it on him. Officer Philpott notified Sgt. Smith of plaintiff's refusal. Sgt. Smith and Officer Philpott entered plaintiff's cell. Plaintiff took an aggressive stance towards the officers. The officers tackled plaintiff and put him on the floor. Handcuffs were placed upon plaintiff.

Officer Smith and Philpott were escorting plaintiff, in handcuffs, to a holding area to await transportation to federal court. Deputy Marshals Weaver and Rachel witnessed plaintiff being escorted. Plaintiff spit on Officer Philpott and Smith as they escorted him.

Plaintiff sat down in a chair at the holding area. Plaintiff spit on Smith. Smith at-

---

**1.** Plaintiff requested Ray be dismissed from this action. This dismissal is proper pursuant to FED. R.CIV.P. 41(a)(2).

tempted to kick plaintiff in the head, but missed. Plaintiff stood up and grabbed Smith's foot and held on to the foot. Smith started hopping around attempting to get free from plaintiff. Plaintiff eventually let go of Smith's foot. Tape was placed over plaintiff's mouth to prevent him from spitting on the officers further. Plaintiff was escorted to the federal courthouse without further incident.

(2) On May 25, 1992, Officer Harmon went to plaintiff's cell to search for contraband. Harmon had seen a pair of radio headphones that had been fashioned into a "shank" inside plaintiff's cell. When Harmon entered the cell, plaintiff became hostile about the cell search. Plaintiff grabbed Harmon and threw him on the bed. Plaintiff stuck his fingers into Harmon's eyes causing injury to Harmon. Sgt. Easter Adams approached plaintiff and started hitting him in the back with large jail keys telling plaintiff to "get off of him." Plaintiff eventually let go of Harmon. Plaintiff suffered puncture injuries to his back due to the keys.[2]

(3) On August 25, 1992, Hurricane Andrew had ripped through Southern Florida and was heading for possibly the Texas coast. Orange County was among several counties that had been advised to evacuate. The Orange County Jail was evacuating inmates to Jasper County and the Hightower Unit of the Texas Department of Criminal Justice, Institutional Division.

Plaintiff got into a battle of verbal wits with Captain Humphrey as the jail was being evacuated. The verbal battle began when Captain Humphrey opined that plaintiff might be left handcuffed to the fence when the hurricane came. Plaintiff followed this with an insulting and vulgar remark about Captain Humphrey's wife. Nothing further was said.

Plaintiff was placed in handcuffs and got into line to board a bus. Commissary items had been placed into boxes which were close to the line of waiting inmates. Several inmates, including plaintiff, grabbed tobacco from the boxes. Captain Humphrey stated "someone go down and see what those inmates are taking out of the commissary." Officer Harmon walked up to the line and told the inmates to put the tobacco back. One inmate put the tobacco back but plaintiff refused. Officer Harmon pushed plaintiff on the shoulder and told plaintiff to put the tobacco back again. Plaintiff refused and Harmon grabbed the tobacco. Plaintiff spit on Officer Harmon.

Captain Humphrey and Officer Harmon grabbed plaintiff and attempted to bring him back into the jail. Plaintiff was spitting on the officers and struggling. As the three went down the hallway back into the jail, plaintiff was able to cause all three to fall into cell bars and a wall. Captain Humphrey and plaintiff received bumps on their heads from the fall. Plaintiff continued to be verbally abusive and spit on the officers. Officer Richards attempted to tape plaintiff's mouth but plaintiff was able to remove the tape by biting. Harmon took the tape and made several loops around plaintiff's head. The tape prevented plaintiff from spitting on the officers and he began to try to kick the officers. Plaintiff's legs and arms were taped to prevent further assaults. Plaintiff sat by the control center while the remaining inmates were evacuated. Nurse Patty Waters examined plaintiff and noted he was not under any distress. The tape was removed from plaintiff. Plaintiff was taken to the Hightower Unit in a car were he was examined. No injuries were noted except for the bump caused by the fall.

(4) On November 11 or 15, 1992, plaintiff asked Officer Marlow to turn off the cell light. Officer Marlow had turned off all

---

2. This incident resulted in plaintiff being charged with assault on Officer Harmon. At the criminal trial, plaintiff had several female inmates, who were long time associates, testify that plaintiff was the victim. The plaintiff was represented by his present civil counsel. The plaintiff was found not guilty. This criminal trial appears to have resulted in bad feelings between the plaintiff's counsel and members of the jail staff.

The defendants in this action went to extremes to demonstrate the females at the criminal trial were lying. The defendants constructed a life size mock up of the visual obstacles presented to the female inmates, in this court's courtroom, to demonstrate that the females could not have seen anything.

night lights and had turned on the day lights due to breakfast being served. Marlow refused to turn off the day light. Plaintiff started yelling that he would take care of the light. Plaintiff destroyed his cell light.

Marlow entered the cell and removed all personal items except plaintiff's legal and religious materials. Plaintiff became enraged and stated he was going to hurt someone. A move team was assembled to restrain plaintiff and remove all items that could be fashioned into a weapon. Plaintiff became abusive and was banging on the cell walls. The move team was headed by Officer Marlow. After plaintiff refused to lie on his bunk, Officer Marlow entered the cell with the other team members. Marlow had a plastic shield and attempted to push plaintiff towards the floor. The shield became cross ways and struck plaintiff on the elbow. Plaintiff was restrained by the team members. Plaintiff's elbow was cut in the incident requiring sutures.

(5) Although not an allegation in this action, on January 3, 1993, plaintiff asked jail officials for a second can of juice for breakfast. Plaintiff's request was denied and he became abusive and destructive. Officers entered plaintiff's cell and restrained him. Plaintiff was taken to a local hospital for examination. While at the hospital plaintiff was noted for attempting to spit on medical staff.

## II.

### CONCLUSIONS OF LAW

**A. Jurisdiction**

(1) This court has jurisdiction based upon federal question jurisdiction, Title 28 U.S.C. § 1331, civil rights jurisdiction, Title 28 U.S.C. § 1343, and Title 42 U.S.C. § 1983.

(2) Venue is proper in the Beaumont Division of the Eastern District of Texas, Title 28 U.S.C. § 1391.

(3) Pursuant to the consent of the parties and Title 28 U.S.C. § 636(c), the undersigned United States Magistrate Judge has authority to enter a final judgment.

**B. Title 42 U.S.C. § 1983**

(4) To recover under Title 42 U.S.C. § 1983, plaintiff must prove:

(a) That he has been deprived of a right secured by the Constitution and the laws of the United States.

(b) The defendants deprived them of this right acting under color of any statute of the state.

*Manax v. McNamara,* 842 F.2d 808, 812 (5th Cir.1988).

**C. Excessive Force**

 In addressing an excessive use of force claim brought under section 1983, analysis begins by identifying the specific constitutional right allegedly infringed upon by the challenged application of force. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The convicted prisoner is judged against the Eighth Amendment "cruel and unusual punishment" standard set out in *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The Eighth Amendment standard is "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley:* whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. at 6–7, 112 S.Ct. at 999, *quoting Whitley v. Albers,* 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). In this circuit, the Eighth Amendment standard is applied to the pretrial detainee. *See Valencia v. Wiggins,* 981 F.2d 1440 (5th Cir.1993).

 In addition to alleging that force was used maliciously and sadistically for the very purpose of causing harm, it is certain that not every push or shove amounts to a deprivation of constitutional rights. *See Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom., John v. Johnson,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Force that is *de minimis* and not repugnant to the conscious of mankind is excluded from recognition as a violation of the cruel and unusual punishment clause of the Eighth Amendment. *Jackson v. Culbert-*

*son,* 984 F.2d 699, 700 (5th Cir.1993). Thus, pursuant to *Jackson* the plaintiff must allege some injury in order to sustain a claim of being subject to excessive force.

 On April 13, 1992, Sgt. Smith used force maliciously and sadistically for the very purpose of causing harm. However, his not-so-well-aimed kick missed. Plaintiff did not receive any injury and actually came out with the upper hand, or foot, in the incident. Plaintiff's claim against Sgt. Smith fails for lack of the defendant's ability to complete the intent.

Plaintiff's remaining three claims fail because the defendants were justified in using reasonable force against the plaintiff on all three occasions. No unreasonable force was used beyond that which was necessary to prevent plaintiff from further assaults or destruction. Plaintiff admitted and all witnesses confirmed that he was verbally abusive and often assaulted officers by spitting on them.

When a correctional officer is faced with a destructive and assaultive inmate, reasonable force is justified to restrain the inmate. This is what happened to plaintiff on all three occasions.

### Conclusion

(1) Any Findings of Fact which constitute a Conclusion of Law shall be deemed a Conclusion of Law, and any Conclusion of Law which constitutes a Finding of Fact shall be deemed a Finding of Fact.

(2) In accordance with this opinion and the court's findings of fact and conclusions of law, judgment will be entered for the defendants.

### FINAL JUDGMENT

This action came on before the Court, Honorable Earl S. Hines, Magistrate Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** AND **ADJUDGED** that judgment is entered for the defendants and plaintiff take nothing. This lawsuit is **DISMISSED** and each party shall bear their own costs. All motions by either party not previously ruled on are hereby **DENIED.**