IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40030
Conference Calendar
_____

GLENN PURVIS WYATT,

                                        Plaintiff-Appellant,

versus

JAMES SHAW, Warden, ET AL.

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-134
- - - - - - - - - -
June 30, 1995
Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Glenn Purvis Wyatt filed a civil rights complaint, 42 U.S.C. § 1983, alleging that prison officials used a chemical agent in violation of the Eighth Amendment, prison regulations, and the Ruiz settlement. The district court dismissed the complaint as frivolous.

This court reviews a prisoner's allegations challenging the conditions of confinement under the "deliberate indifference" standard. Wilson v. Seiter, 501 U.S. 294, 303 (1991). A prison official acts with deliberate indifference under the Eighth

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Amendment "only if he knows that [an] inmate[] face[s] a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994).

A review of the record, including a transcript of the Spears hearing, establishes that prison officials were faced with an escalating disturbance requiring a quick response and Wyatt suffered only temporary, de minimis injuries as a result of his exposure to the residual effects of the chemical agent.  The district court did not abuse its discretion by dismissing as frivolous his Eighth Amendment claim.  See Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993).

Wyatt argues that he suffered a psychological injury as a result of the incident.  He has not alleged any facts to establish that the prison guards intended to harm him, and his allegations cannot rise to the level of a constitutional violation.  See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

Wyatt also argues that the chemical agent was used in violation of prison regulations or the Ruiz settlement.  An alleged violation of a prison regulation without more does not give rise to a constitutional violation, Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986), and remedial court orders are a means of correcting constitutional violations, but do not create or enlarge constitutional rights.  Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986).

AFFIRMED; motion for de novo review DENIED.