IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30031
Summary Calendar
_____

HORACE TOPPINS, JR.,

                                          Plaintiff-Appellant,

versus

ROBERT A. NEWSOM, Captain; JOHN P.
WHITLEY, Warden; RICHARD L. STALDER,
Secretary of Department of Corrections;
DORA RABALAIS, Legal Programs Director;
M. L. MCCOY, Classification officer;
GARY FRANKS, Assistant Warden,

                                          Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 94-CV-872-B-M1
- - - - - - - - - -
September 11, 1996
Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        A movant for <u>in forma pauperis</u> (IFP) status on appeal must

show that he is a pauper and that he will present a nonfrivolous

issue on appeal.  <u>Carson v. Polley</u>, 689 F.2d 562, 586 (5th Cir.

_____

        [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

1982).   In the absence of a nonfrivolous issue, the appeal will be dismissed.   5th Cir. 42.2.

Horace Toppins, Jr., No. 119405, a Louisiana state prisoner, contends that the district court erred by not allowing him to amend his 42 U.S.C. § 1983 complaint to add his claim of retaliation for filing suit against the defendants.   Because Toppins' allegations do not rise to the level of a cognizable claim, see Whittington v. Lynaugh, 842 F.2d 818, 819 (5th Cir.), cert. denied, 488 U.S. 840 (1988), the district court did not err by not allowing Toppins to amend his complaint.   See Chemetron Corp. v. Business Funds, Inc., 682 F.2d 1149, 1193-94 (5th Cir. 1982), vacated on other grounds, 460 U.S. 1007 (1983) (futility of amendment one reason to deny leave to amend).

Toppins also contends that the district court erred by granting summary judgment for the defendants regarding his claims of violations of his rights to due process and to be free of cruel and unusual punishment.   Because Toppins' allegations do not rise to the level of a constitutional violation, see Sandin v. Conner, 115 S. Ct. 2293, 2295 (1995) (due process); see Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993) (cruel and unusual punishment), the district court did not err in granting summary judgment for the defendants.   See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Toppins does not present a nonfrivolous issue for appeal. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).   His

motion for IFP is DENIED and the APPEAL DISMISSED as frivolous.

<u>See</u> 5th Cir. R. 42.2.