CORRECTED

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-30890
Summary Calendar

ROLANDO ALEXANDER,

Plaintiff-Appellant,

versus

AL MARTIN; DRUE BERGENA; PAM NIESSING; TERRY FIELDER;
L.C.S. CORRECTION SERVICES, INC.; GARY COPES; MARSHALL
GREER, DR.; JOHN TATE, Sergeant; BERT CAMPBELL; AL MOORE,

Defendants-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-1445
--------------------------------------------------------
January 8, 2002

Before JOLLY, DAVIS, and STEWART, Circuit Judges:

PER CURIAM:[*]

        Rolando Alexander, INS detainee #A21156111, appeals the district court's summary

judgment for the defendants. His request for appointed appellate counsel is DENIED. See Cupit v.

Jones, 835 F.2d 82, 86 (5th Cir. 1987).

        Alexander contends that the district court discounted Alexander's sworn declaration giving

his version of events and, thus, the court improperly made credibility determinations. Alexander

contends that the amount of force used by the defendants against him in order to remove the

---

        [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

paperclips was done maliciously and amounted to deliberate indifference. He also contends that Warden Bergena's assistance in the medical procedure amounted to deliberate indifference.

From our independent review, we conclude that Alexander failed to meet his summary-judgment burden in proving that the defendants' use of force in removing the paperclip from the self-inflicted mouth wound was done maliciously to cause him harm, and he failed to demonstrate a genuine disputed material fact on the issue. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The evidence indicates that the defendants' acts were not repugnant to the conscience of mankind. See Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993). Further, the summary-judgment evidence reveals that Bergena's conduct in cutting the paperclip metal, instead of the medical practitioner cutting the metal, would amount to no more than negligent medical care. "The evidence does not present a material fact for deliberate indifference" by Bergena or by the nurse. Stewart v. Murphy, 174 F.3d 530, 534-35 (5th Cir.), cert. denied, 528 U.S. 906 (1999).

The district court did not err in granting summary judgment for the defendants.

AFFIRMED. MOTION DENIED.