**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 21, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 03-50209
Summary Calendar

—————————

OSVALDO GARZA, SR., individually and doing business as
Frontier Taxi Service,

                                        Plaintiff - Appellant,

versus

THE TRADITIONAL KICKAPOO TRIBE OF TEXAS, Etc., ET AL.,

                                        Defendants,

THE TRADITIONAL KICKAPOO TRIBE OF TEXAS, doing business
as Kickapoo Lucky Eagle Casino, also known as Lucky Eagle
Casino; ISIDRO GARZA, JR., in his capacity as Administrator
of the Traditional Kickapoo Tribe of Texas; LEE MARTIN,
individually and in his capacity as the Executive Officer
of the Kickapoo Lucky Eagle Casino,

                                        Defendants - Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CV-69-DG
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

        Osvaldo Garza, Sr., appeals from the dismissal of his

42 U.S.C. § 1983 suit on the defendants' motion for summary

judgment.  We affirm.

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We hold at the outset that the Traditional Kickapoo Tribe of Texas is entitled to sovereign immunity in this damages suit. See Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998). We further hold that summary judgment was properly granted as to the 42 U.S.C. § 1983 claims against defendants Isidro Garza and Martin, because no constitutional rights of the plaintiff were infringed, as explained below.

We find that the defendants were entitled to summary judgment on Garza's claims that he suffered a deprivation of a property and/or liberty interest. Garza has not established that state law created for him a constitutionally protected property interest. See Bryan v. City of Madison, Miss., 213 F.3d 267, 274 (5th Cir. 2000). Moreover, Garza has not shown that the alleged stigma associated with the termination of his purported contractual agreement foreclosed him from other employment opportunities, see Hughes v. City of Garland, 204 F.3d 223, 226 (5th Cir. 2000), and, therefore, he has failed to establish that he had a protectable liberty interest.

We further hold that the defendants were entitled to summary judgment on Garza's Fourth Amendment excessive force claim, because he has not provided sufficient evidence to show that he suffered an injury, even an insignificant one. See Knight v. Caldwell, 970 F.2d 1430, 1432 (5th Cir. 1992). Summary judgment was also appropriate as to Garza's Fourth Amendment illegal arrest claim and his state law claim of false imprisonment,

because there was insufficient evidence that he suffered a significant restraint of liberty as a result of being willfully detained by the defendants. See Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 278 (5th Cir. 1982); Fojtik v. Charter Med. Corp., 985 S.W.2d 625, 629 (Tex. App. 1999). Finally, we find that defendants were entitled to summary judgment on Garza's state law claim of assault, because defendant Polhemus, in either his official capacity as a constable or as an employee of the Kickapoo Lucky Eagle Casino, used reasonable force in removing Garza from the casino. See TEX. CRIM. PROC. CODE ANN. § 15.24; TEX. PENAL CODE ANN. § 9.41(a) (Vernon 2003); Hampton v. Sharp, 447 S.W.2d 754, 758 (Tex. Civ. App. 1969).

AFFIRMED.