United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41636
Summary Calendar

ROBERT HADDIX, JR.,

Plaintiff-Appellant,

versus

THOMAS KERSS, Sheriff, Nacogdoches County; LELAND HOUSE, Jailer;
GENE GILCREASE, Administrator, Nacogdoches County Sheriff's
Dept.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-105
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Haddix, Jr., a former pretrial detainee at the

Nacogdoches County Jail, appeals the dismissal of his 42 U.S.C.

§ 1983 complaint as frivolous and for failure to state a claim

upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

The parties consented to proceed before a magistrate judge.

As an initial matter, we conclude that, contrary to the

appellees' contention, Haddix's notice of appeal was timely filed

from the magistrate judge's order of dismissal. Haddix filed a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for reconsideration on November 10, 2004, 10 countable days after the entry of judgment. See FED. R. CIV. P. 6(a). The 30-day time limit for filing a notice of appeal did not begin to run until the disposition of this motion on November 16, 2004. See FED. R. CIV. P. 4(a)(4)(A). Haddix's notice of appeal, filed on November 29, 2004, was timely.

Haddix first argues that the magistrate judge who conducted the evidentiary hearing made various errors during the hearing, including: (1) considering jail records that allegedly were altered and lacked a certificate of correctness; (2) allowing only the defendants to present evidence and witnesses; and (3) engaging in ex parte communication with defense counsel. If the magistrate judge erred, such errors were harmless because Haddix has failed to state a claim upon which relief may be granted.

We review Haddix's claims de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). We accept as true all the allegations of the complaint, considering them in the light most favorable to the plaintiff. Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993).

"The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). Claims based upon a jail official's "episodic acts or omissions" are reviewed under the standard of subjective deliberate indifference enunciated in

Farmer v. Brennan, 511 U.S. 825 (1994). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Haddix has not shown that he faced a "substantial risk of serious harm" from the occasional denial of pain medication or delay in transferring him to a lower bunk. The result of the defendants' actions was unrelieved, pre-existing, back and shoulder pain, not a worsening of his condition or other serious harm. See Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992) (stating continuing back pain, while unpleasant, does not demonstrate a constitutional violation). Haddix also has not shown that the defendants were deliberately indifferent to his needs for other medical treatment. Although he may not have received the amount of treatment he felt necessary, such a claim constitutes a disagreement with medical staff, which is not actionable in a § 1983 proceeding. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Haddix's excessive-force claims are analyzed under the same standard applicable to an Eighth Amendment excessive-force claim. Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993). The plaintiff bears the burden of showing: "(1) an injury (2) which resulted directly and only from the use of force that was

excessive to the need and (3) the force used was objectively unreasonable." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001). Although a showing of "significant injury" is no longer required, this court does "require a plaintiff asserting an excessive force claim to have suffered at least some form of injury." Id. (internal quotation omitted).

Haddix alleged that, in an effort to wake him, Corporal Cole once "slapped my feet"; however, Haddix did not allege any specific injury. The use of this amount of force is not objectively unreasonable. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (noting that not every "malevolent touch by a prison guard gives rise to a federal cause of action"). Haddix also alleged that Corporal House once kicked him in the ankle to awaken him. Haddix alleged he suffered pain, but he did not allege that he suffered pain for any length of time or that he sought any medical treatment. Such a non-specific assertion of injury supports a finding that any injury was de minimis. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (finding sore ear lasting for three days constituted a de minimis injury); Alexander v. Tippah County, 351 F.3d 626, 631 (5th Cir. 2003) (temporary nausea was, at most, de minimis injury). Haddix also alleges in his brief that Corporal House once slammed a steel door, which struck Haddix in the chest and arm; as this claim is raised for the first time on appeal, we decline to consider it. See Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997).

Haddix also asserted that on another occasion, Corporal Joey Mullins left the gates in solitary confinement open, which allowed several other inmates to threaten and rob Haddix. Haddix's resulting claim of deliberate indifference is purely speculative. Even accepting as true Haddix's assertion that Mullins deliberately left the gates open, Haddix has not alleged that Mullins, or any other jail official, knew that this would lead to several other inmates threatening and robbing him. He has failed to show that officials knew this action presented a serious risk of harm and that they disregarded this serious risk of harm. See Farmer, 511 U.S. at 847.

Haddix's appellate brief also asserts that various defendants conspired to retaliate against him, in violation of his First Amendment right of access to the courts, for filing various civil suits against other persons before he entered the jail. Haddix acknowledges this claim was not specifically pleaded in his complaint, but he asserts he would have added this claim if he had been allowed to submit an amended complaint. Haddix's complaint and evidentiary hearing testimony alleged sufficient facts to raise a retaliation claim. See Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990) (hearing was "in the nature of an amended complaint or a more definite statement").

Although the magistrate judge did not address retaliation, the magistrate judge's failure to do so was harmless error because Haddix has failed to state a valid retaliation claim. To

substantiate a claim of retaliation, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred."  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks omitted).  "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation."  Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997) (internal quotation marks omitted).  Haddix has not produced direct evidence of a retaliatory motive; in addition, as his other civil suits were filed before he entered the jail and did not attack any named defendant, he has not alleged a chronology of events from which retaliation may plausibly be inferred.  His retaliation claims consist of nothing more than his "personal belief that he is the victim of retaliation."  Johnson, 110 F.3d at 310.

In his appellate brief, Haddix alleges that various defendants are liable for jail policies or for failing to properly supervise other jail employees.  However, Haddix did not allege any theory of supervisory liability in his initial complaint, and he made only a single brief reference to an alleged "ongoing policy" of cruelty to inmates during the evidentiary hearing.  As Haddix's claims of supervisory liability appear to be raised for the first time on appeal, we decline to consider them.  See Burch, 119 F.3d at 319.

Finally, Haddix argues that the magistrate judge erred by denying his motion for reconsideration. Arguably, the denial of this motion is not properly before the court because Haddix's notice of appeal specified only the underlying judgment. <u>See</u> <u>Warfield v. Fidelity and Deposit Co.</u>, 904 F.2d 322, 325 (5th Cir. 1990). However, even if he had specified the motion for reconsideration in his notice of appeal, Haddix does not present sufficient argument on this issue on appeal. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993). Therefore, we decline to address this issue.

AFFIRMED.