# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40358

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2016

Lyle W. Cayce
Clerk

DANIEL MARTINEZ; RITA MARTINEZ; JOSE MARTINEZ,

Plaintiffs - Appellants

v.

EDWARD F. DAY, II; NATE PEREZ; JOHN ESPARZA; I. ROSALES,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No: 2:13-CV-178

Before JONES, WIENER, & HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellants Daniel Martinez, Rita Martinez, and José Martinez appeal the dismissal of their warrantless entry and excessive force claims under 42 U.S.C. § 1983 on the Defendant-Appellees' motion for summary judgment. We affirm.

The summary judgment evidence showed that the Defendant-Appellees, Nueces County Sheriff's Deputy Ian Rosales and Nueces County Deputy

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40358

Constables Nate Perez, John Esparza, and Edward Day, II, responded to an ongoing assault just after midnight on June 19, 2011, in Robstown, Texas. They encountered an injured man who provided a description of three attackers at a nearby party at 1404 Canales Street. That house is owned by the Plaintiffs. When they arrived at the house, the officers observed a suspect outside matching the victim's description. It is undisputed that the suspect ran into the Plaintiffs' house to evade the officers. At this point, the parties' accounts of the subsequent events diverge. It remains undisputed, however, that Daniel and José initially prevented the Defendants from entering the home. José also admits that he attempted to prevent the Defendants from arresting Daniel.

The Defendants eventually arrested Daniel, Rita, and José. The Defendants used varying degrees of force in executing the arrests. Daniel's declaration states that the officers pepper sprayed, tased, and beat him while he was handcuffed. Rita's declaration states that she was handcuffed. José's declaration states that officers pepper sprayed him and that at least four officers sat on him and jumped on him while he was handcuffed. Nevertheless, the Plaintiffs adduced no evidence of any injuries. The only pertinent summary judgment evidence showed that emergency medical personnel "checked and cleared" the Plaintiffs.[1] The Defendants justified their use of force with evidence that the Plaintiffs were combative and resisted arrest.

---

[1] In their motion for reconsideration in the district court, the Plaintiffs submitted photographs allegedly depicting injuries sustained by Daniel Martinez and inflicted by the Defendants. Because the district court denied the Plaintiffs' motion for reconsideration in a minute entry, it is not clear whether the district court relied on those photographs. Regardless, the Plaintiffs failed to authenticate these photographs, *see* FED. R. EVID. 901, and they are therefore entitled to no consideration.

2

No. 15-40358

Relevantly, the district court granted the Defendants' motion for summary judgment on the Plaintiffs' claims of warrantless entry and excessive force. The district court first held that the claims of warrantless entry should be dismissed because the Defendants are entitled to qualified immunity. That court held that the entry was constitutional, and, in the alternative, even if it was not, it was not clearly established that such action was unconstitutional. The district court also granted summary judgment on the excessive force claims, concluding that the Plaintiffs had failed to show that they sustained any injuries sufficient to support their claim.

We initially hold that the Defendants are entitled to qualified immunity on the Plaintiffs' warrantless entry claims. A public official will be granted qualified immunity unless the plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[2] The Defendants entered the home in hot pursuit of a suspect who had committed two jailable misdemeanors: assault and evading arrest. Applying our precedent and that of the Supreme Court in *Stanton v. Sims*, we agree with the district court that the law was not clearly established as to "whether an officer with probable cause to arrest a suspect for a misdemeanor may enter a home without a warrant while in hot pursuit of that suspect."[3] The Defendants are therefore entitled to qualified immunity

---

[2] *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[3] *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (per curiam); *see also Carroll v. Ellington*, 800 F.3d 154, 173 (5th Cir. 2015) (recognizing the Supreme Court's holding in *Stanton* "that an officer who entered a home in 2008 in hot pursuit of a suspected misdemeanant was therefore entitled to qualified immunity because the law was not clearly established at the time of the officer's conduct").

No. 15-40358

on the Plaintiffs' warrantless entry claims. We need not and therefore do not express a view on the constitutionality of the Defendants' warrantless entry.[4]

We further hold that the Defendants are entitled to summary judgment on the Plaintiffs' excessive force claims. To establish their excessive force claims, the Plaintiffs had to show that they suffered "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."[5] The Plaintiffs failed to adduce any evidence showing that they suffered any cognizable injuries as a result of the force allegedly used by the Defendants, and "[a] plaintiff alleging an excessive force violation must show that she has suffered 'at least some injury.'"[6]

AFFIRMED.

---

[4] *See al-Kidd*, 131 S. Ct. at 2080 (instructing that courts may decide cases on either prong of qualified immunity and "should think carefully before expending scarce judicial resources to resolve difficult and novel questions of constitutional or statutory interpretation that will have no effect on the outcome of the case" (internal quotation marks omitted)); *see also Carroll*, 800 F.3d at 173 (holding that the officer was entitled to qualified immunity on the second prong and "express[ing] no view on whether [his] entry into [the] home was constitutional").

[5] *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 846 (5th Cir. 2009) (quoting *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006)).

[6] *Flores v. City of Palacios*, 381 F.3d 391, 397 (5th Cir. 2004) (quoting *Jackson v. R.E. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993)); *see also Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999) ("[W]e do require a plaintiff asserting an excessive force claim to have 'suffered at least some form of injury.'" (quoting *Jackson*, 984 F.2d at 700)); *Garza v. Traditional Kickapoo Tribe of Tex.*, 79 F. App'x 10, 11 (5th Cir. 2003) (unpublished) ("We further hold that the defendants were entitled to summary judgment on Garza's Fourth Amendment excessive force claim, because he has not provided sufficient evidence to show that he suffered an injury, even an insignificant one." (citing *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992))).