IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――

No. 97-41455

―――――――――――――

JUAN GOMEZ,

Plaintiff-Appellant,

versus

WILLIAM CHANDLER, Sergeant; HENRY REECE,
Sergeant; HAROLD RODEN; GREGORY PALMEIRI,

Defendants-Appellees.

―――――――――――――

Appeal from the United States District Court for the
Eastern District of Texas

―――――――――――――

January 11, 1999

Before GARWOOD, BARKSDALE and STEWART, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Juan Gomez (Gomez), a Texas prisoner
(#561694), on March 5, 1996, filed this *pro se, in forma pauperis*
(IFP) action under 42 U.S.C. § 1983 against defendants-appellees
correctional sergeants Chandler and Reece and correctional officers
Palmeiri and Roden, all employees at Gomez's place of confinement.
Gomez alleged that defendants violated his due process rights by
filing a false disciplinary report against him, subjected him to
unconstitutional retaliation for exercising his First Amendment

rights by filing a witness statement in another inmate's suit and by filing a grievance, and subjected him to excessive force in violation of the Eighth Amendment in an April 29, 1994, incident at the prison. The district court *sua sponte* dismissed the due process claim as frivolous but allowed Gomez to proceed IFP on the excessive force and retaliation claims. Later, the district court on November 15, 1996, granted the defendants' motion for summary judgment and dismissed the suit. Gomez now appeals.

In his appeal, Gomez has not briefed his claims that defendants retaliated against him for exercising his First Amendment rights and that they denied him due process by filing a false disciplinary report against him. These claims are hence abandoned, and their dismissal is accordingly affirmed. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(6).

Gomez does challenge the summary judgment dismissal of his Eighth Amendment excessive force claim. We find merit in that challenge, and vacate the dismissal of that claim and remand for further proceedings.

### Factual and Procedural Background

With respect to the excessive force claim, the defendants' motion for summary judgment asserted, *inter alia*, that Gomez suffered no more than a *de minimis* injury. The district court agreed and, relying in part on our decision in *Siglar v. Hightower*,

2

112 F.3d 191 (5th Cir. 1997), granted the motion for summary judgment, observing "the Plaintiff's injuries are consistent with the type of *de minimis* injuries described in . . . *Siglar*" and "[t]he Court concludes, as a matter of law, that the Plaintiff sustained only *de minimis* injuries, thus his excessive use of force claim should be dismissed."

With respect to Gomez's injuries, the defendants' summary judgment motion was not supported by any affidavit or deposition excerpt from any medical personnel, but did attach copies of various prison records, including an "Inmate use of force injury report" form which reflects that on April 29, 1994, after the complained of use of force that day, Gomez was examined at the unit infirmary; following the form's preprinted question "Was the inmate injured," the "yes" block is checked, as is also the block indicating that the injury was "Abrasions"; following the preprinted question "Was the inmate treated for injury" the "yes" block is checked as is the block indicating this was done at "Unit Infirmary" (what treatment was given is not indicated); the "inmate complaint" blanks contain the notation "1 cm in diameter superficial scrape on R side of head at hairline abrasion." Also submitted with the summary judgment motion is an approximately 4½" by 5½" photograph, depicting the subject (apparently Gomez) from approximately mid-thigh up, on which there is easily seen a marking on the right forehead, which appears rather larger than one

3

centimeter in diameter and looks like some sort of contusion or abrasion.

In response to the motion for summary judgment, Gomez submitted a written declaration under penalty of perjury in substantial conformity with 28 U.S.C. § 1746, in which he asserted that he did not spit on any of the defendants, that they attacked him without provocation, and without any need or for any valid purpose, and while his hands were handcuffed behind his back. This declaration also includes the following averments:

> "16. On April 29, 1994, while being escorted by defendants Roden and Palmeiri, Defendant Palmeiri did grabbed [sic] Plaintiff by the handcuffs from behind and slammed Plaintiff face forward to the concrete floor where them [sic] both defendants Palmeiri and Roden began punch Plaintiff on his face with their fists, and scraping Plaintiff's face against the concrete floor, as planned by Sgt. Reece and Sgt. Chandler.
>
> 17. About five minutes of the assault Sgt. Reece and Sgt. Chandler came to the scene of the Assault and Sgt. Reece kick plaintiff in the face and about the head.
>
> 18. Sgt. Reece and Sgt. Chandler then laughingly stood back to observe while office [sic] Palmeiri continued to strike Plaintiff with his fists.
>
> 19. Plaintiff suffered from physical pain, bodily injuries in the form of cuts, scrapes, contusions to the face, head, and body directly resulting from defendants blantant [sic] assault and battery of Plaintiff upon the date of April 29, 1994 at the Eastham unit of TDCJ-ID.
>
> 20. Contrary to the defendants' affidavit or statements, Plaintiff did not provoke the assault as the defendants claim, I was with my hand cuffed behind my back, and I have no reason to spit on that officer as they claim on their summary judgment.
>
> . . . .

4

23. Plaintiff will show that his injuries are more of de minimis contrary to Defendants claim on their summary judgment.

24. Contrary to Defendants claim, in summary, have no justification to clammed Plaintiff and punsh [sic] and kick Plaintiff on the floor, when at no time defendants had claim that Plaintiff were resisting, or was any threat to them or others.

25. Also contrary to Defendants claim, Plaintiff's claim that the Assault against Plaintiff was a premeditated [sic] by the defendants in retaliation of he [sic] writing the statement for inmate Escovedo."

### *Discussion*

In *Hudson v. McMillian*, 112 S.Ct. 995 (1992), the Supreme court, reversing this Court, held that a correctional officer's use of excessive physical force against a prisoner may in an appropriate setting constitute cruel and unusual punishment of the prisoner, contrary to the Eighth Amendment, even though the prisoner does not suffer either "significant injury" or "serious injury." *Id*. at 997 ("serious injury"), 998 ("significant injury"), 999 ("serious injury"), 1000 ("significant injury"). Likewise, *Hudson* rather clearly implies that merely because the injury suffered is only "'minor'" does not of itself always preclude finding an Eighth Amendment excessive force violation. *Id*. at 1000. *Hudson*, relying on *Whitley v. Albers*, 106 S.Ct. 1078 (1986), looked largely to "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson* at 999. For purposes of this inquiry, *Hudson* placed primary emphasis on the degree of force

5

employed in relation to the apparent need for it, as distinguished from the extent of injury suffered.  *Id*.  However, the Court expressly recognized that "the extent of the injury suffered," as well as "[t]he absence of serious injury," were "relevant to the Eighth Amendment inquiry, but do[es] not end it."  *Id*.  *Hudson* does not expressly state that an Eighth Amendment excessive force claim can be made out where *no* physical injury is suffered, or where the only physical injury is *de minimis*; indeed, it infers that, at the very least, such questions are left open either generally or where "the use of force is not of a sort '"repugnant to the conscience of mankind."'"[1]

In our opinion in *Hudson* on remand from the Supreme Court, we stated that the factors to be looked to in determining whether an

---

[1]*See Hudson* at 1000:

> "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. . . . The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort '"repugnant to the conscience of mankind."' *Whitley*, 475 U.S., at 327, 106 S.Ct., at 1088 (quoting *Estelle, supra*, 429 U.S., at 106, 97 S.Ct., at 292) (internal quotation marks omitted).

> In this case, the Fifth Circuit found Hudson's claim untenable because his injuries were 'minor.'  929 F.2d, at 1015.  Yet the blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes. The extent of Hudson's injuries thus provides no basis for dismissal of his § 1983 claim."

6

Eighth Amendment excessive force claim has been made out "include" the following:  "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response."  *Hudson v. McMillen*, 962 F.2d 522, 523 (5th Cir. 1992).  Since then, we have held on at least two occasions that *some* physical injury is an indispensable element of an Eighth Amendment excessive force claim.  *Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992) (*Hudson* "does not affect the rule that requires proof of injury, albeit significant or insignificant"; "injury" properly defined as physical injury); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) ("*Because he suffered no injury . . . [there] was a *de minimis* use of physical force . . . not repugnant to the conscience of mankind*"; emphasis added).[2]

We most recently addressed this issue in *Siglar*.  There we sustained the pretrial dismissal as frivolous of a prisoner's

_____

[2]In *Jackson* our supporting citations suggest that a *de minimis* injury would not suffice.  *See id*. at 700:

> "*Cf. Olson v. Coleman*, 804 F.Supp. 148, 150 (D. Kan. 1992) (finding a single blow to the head causing a contusion to be *de minimis* and not repugnant); *Candelaria v. Coughlin*, 787 F.Supp. 368, 374 (S.D.N.Y. 1992) (allegation of single incident of guard using force to choke inmate was *de minimis*), *aff'd*, 979 F.2d 845 (2d Cir. 1992)."

Eighth Amendment excessive force claim which apparently also sought recovery for resultant mental or emotional injury. The district court had relied in part on 42 U.S.C. § 1997e(e), enacted as part of the Prison Litigation Reform Act (PLRA), which is entitled "Limitation on recovery" and provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."[3] We noted that there was no statutory definition of "physical injury" as used in section 1997e(e) and hence derived the meaning of that term from Eighth Amendment excessive force jurisprudence as outlined in *Hudson*. Thus, we stated:

> "In the absence of any definition of 'physical injury' in the new statute, we hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant." *Siglar* at 193 (citing *Hudson*).

This passage is at least an inferential statement that for purposes of Eighth Amendment excessive force claims—as well as for purposes of section 1997e(e)—"the injury must be more than *de minimis*, but

---

[3]Gomez's suit was filed before—and sought recovery on account of matters occurring before—the enactment of the PLRA on April 26, 1996, but the district court's dismissal of the suit was after that date. We need not decide whether section 1997e(e) applies to Gomez's suit, *see Zehner v. Trigg*, 133 F.3d 459, 460-61 (7th Cir. 1997), because our disposition of this appeal would be the same whether or not section 1997e(e) is applicable.

need not be significant."  That is confirmed not only by an earlier passage in the opinion, *viz*:  "[t]he question for this court is whether Siglar's bruised ear amounts to a 'physical injury' that can serve as the basis for *his excessive force or* mental and emotion suffering claims" (*id*. at 193, emphasis added), but also by the opinion's concluding language, *viz*:  "[w]e conclude that Siglar's alleged injury—a sore, bruised ear lasting for three days—was *de minimis*.  *Siglar has not raised a valid Eighth Amendment claim for excessive use of force nor* does he have the requisite physical injury to support a claim for emotional or mental suffering."  *Id*. at 193-194 (emphasis added).

Clearly, then, the law of this Circuit is that to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor.[4]

---

[4]It may also be arguable that *Siglar* leaves open the possibility that a physical injury which is only *de minimis* may nevertheless suffice for purposes of the Eighth Amendment and section 1997e(e) if the force used is of the kind "'repugnant to the conscience of mankind.'"  Thus, *Siglar* states:  "However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  *Id*. at 193 (quoting *Hudson*, 112 S.Ct. at 1000).  We need not resolve this possible question because we hold that on this record Gomez has made a sufficient showing of a more than *de minimis* physical injury so as to preclude summary judgment to the contrary.

We conclude that on this record Gomez—unlike the plaintiff in *Siglar*—has made a sufficient showing of a more than *de minimis* physical injury so as to preclude summary judgment to the contrary.

In *Siglar*, we described the complained of conduct and injury as follows: "[the corrections officer] twisted Siglar's arm behind his back and twisted Siglar's ear. Siglar's ear was bruised and sore for three days but he did not seek or receive medical treatment for any physical injury resulting from the incident. There is no allegation that he sustained long term damage to his ear." *Id*. at 193. We stated that these allegations presented the question "whether Siglar's bruised ear amounts to a 'physical injury' that can serve as the basis for his excessive force" claim, and concluded that because "Siglar's alleged injury—a sore, bruised ear lasting for three days—was *de minimis*" he had therefore "not raised a valid Eighth Amendment claim for excessive force." *Id*. Here, by contrast, Gomez *did* receive medical treatment for his injury. Moreover, the application of force to Siglar's person was obviously far briefer and of a character far less intense and less calculated to produce real physical harm than that here, as Gomez was allegedly knocked down so his head struck the concrete floor, his face was then scraped against the floor, he was repeatedly punched in the face by two officers using their fists for about five minutes and then a third officer kicked Gomez in the face and head, after which one of the two officers continued to hit Gomez

10

with his fists.  As a result, Gomez allegedly suffered "cuts, scrapes, contusions to the face, head, and body."  On this record, we cannot say as a matter of law that Gomez's injuries were no more than *de minimis*.[5]

### *Conclusion*

As to the Eighth Amendment excessive force claim, we vacate the summary judgment and remand that claim for further proceedings not inconsistent herewith; as to all Gomez's other claims, the judgment below is affirmed.

AFFIRMED in part; VACATED and REMANDED in part

---

[5]We recognize that Gomez admitted that on April 29, 1994, some time prior to the incident in question he had broken a pipe and window.  The record is not adequately developed as to the relation between these events and complained of use of force against Gomez. Gomez does state that his hands were handcuffed behind his back when the attack he complains of occurred and that then he posed no threat and did not resist (or spit on defendants).  The district court based its summary judgment on the excessive force claim, not on the basis that the force actually used was warranted or thought to be so, but on the basis that Gomez's injuries were *de minimis*. Any other issues respecting the excessive force claim we leave for the district court to address in the first instance.

11