IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40454
Summary Calendar
_____

JOSEPH G. STRAWBRIDGE,

Plaintiff-Appellant,

versus

SHANNON L. McDOW, Correctional Officer,
Coffield Unit Individually and in official
capacity; SCOTT L. HOLLEY, Correctional
Officer, Coffield Unit Individually and in
official capacity; DAVID S. KASSAW,
Correctional Officer, Coffield Unit
Individually and in official capacity,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-364
- - - - - - - - - -

April 28, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joseph G. Strawbridge, Texas prisoner no. 529740, appeals

the magistrate judge's entry of summary judgment in favor of

Defendants Scott L. Holley and David S. Kassaw and the magistrate

judge's dismissal, as frivolous, of his claims against Defendant

Shannon L. McDow.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In deciding Strawbridge's excessive force claim, the magistrate judge relied upon our decision in Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), to find that Strawbridge's injuries were *de minimis* and thus could not form the basis of a 42 U.S.C. § 1983 civil rights claim. The magistrate judge did not have the benefit of our recent decision in Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999), in which we elaborated upon the definition of "de minimis" in a factual context more similar to the instant case than Siglar. The magistrate judge's opinion regarding Strawbridge's excessive force claim is thus VACATED; the case is REMANDED for reconsideration in light of Gomez.

The magistrate judge's resolution of Strawbridge's claims that (1) he was subjected to an unfair disciplinary proceeding, resulting in a lengthier prison term and undesirable prison housing, and (2) that he was the victim of retaliation is AFFIRMED for essentially the same reasons cited by the magistrate judge. See Strawbridge v. McDow, 6:97-CV-364 (E.D. Tex., March 11, 1998). Strawbridge's request for appointment of counsel is DENIED AS MOOT.

AFFIRMED IN PART; VACATED AND REMANDED IN PART. REQUEST FOR APPOINTMENT OF COUNSEL DENIED.