IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50214
Summary Calendar
_____


JIMMY POTTS,

                                        Plaintiff-Appellant,

versus

MARK A. HILL, Etc.; ET AL.,

                                        Defendants,

JON L. FREEMAN, Field Rider,
Correctional Officer 3, Hughes Unit,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CV-449
_____

May 25, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

        Jimmy Potts, Texas inmate # 549145, appeals the district

court's summary-judgment dismissal of his civil rights complaint.

Potts contends that Jon L. Freeman used unnecessary force against

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

him, causing him an injury to his mouth. Potts moves for appointment of counsel. The motion is DENIED.

We review "the grant of a summary judgment motion *de novo*, using the same criteria used by the district court." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992). To obtain a summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). If the moving party makes the required showing, the burden shifts to the nonmovant to set forth, with competent summary-judgment evidence, specific facts showing the existence of a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

When a prisoner alleges that a prison official used force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The district court, relying on *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997), concluded that Potts did not have the kind of injury that warranted Eighth Amendment protection. A successful Eighth Amendment excessive force claim requires that a prisoner have suffered a more than *de minimis* physical injury from the excessive force. *See Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). However, the inquiry in a use-of-force claim does not end with an analysis of the injury that was suffered. *See Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998)("the absence of serious injury is quite relevant to an excessive force inquiry, but does not alone preclude relief.")(citing *Hudson*, 503 U.S. at 7). The

2

core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.  We have stated that it is arguable that "*Siglar* leaves open the possibility that a physical injury which is only *de minimis* may nevertheless suffice for purposes of the Eighth Amendment . . . if the force used is of the kind [that is] repugnant to the conscience of mankind." *Gomez*, 163 F.3d at 924 n.4 (internal quotations omitted).

Potts's verified medical records, attached to Freeman's motion for summary judgment, document the "use of force," which resulted in a nonbleeding cut on the inside of Potts's lip.  Although Potts's pleadings are not a model of clarity, it appears that he complains that Freeman struck Potts's mouth, making his mouth too sore to wear his dentures for three weeks.  Further, Potts's complaint establishes that the injury occurred during an altercation between Potts and Freeman for which Potts received a prison disciplinary conviction.

We agree that Freeman demonstrated that there is no genuine issue of material fact, based on the *de minimis* nature of the injury and the disciplinary action against Potts arising out of the incident. *See* Fed. R. Civ. P. 56(c).  The burden then shifted to Potts to set forth, with competent summary-judgment evidence, specific facts showing the existence of a genuine issue for trial.  Potts failed to meet his burden, even after the magistrate judge identified this deficiency in the report and recommendation and the district court granted Potts an extension of time to file objections.

We therefore affirm the district court's grant of summary judgment in favor of Freeman.

AFFIRMED; MOTION DENIED.

3