IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41140
Summary Calendar
_____

SIMPSON LANE,

                                        Plaintiff-Appellant,

versus

HERBERT BYNUM, Sergeant; DEBRA WELLBORN, Correctional
Officer III; CALVIN TUCKER, Building Lieutenant;
KENNETH SULEWSKI, Captain,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:96-CV-171
- - - - - - - - - -
September 13, 1999

Before GARWOOD, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Simpson Lane, Texas prisoner #541742, appeals from the
district court's grant of summary judgment to Correctional
Officer Debra Wellborn on Lane's lawsuit, filed pursuant to 42
U.S.C. § 1983, alleging that Wellborn had thrown a pitcher of hot
coffee at Lane, scalding his chest, stomach, and left forearm.
The district court had previously dismissed Lane's claims with
prejudice against defendants Herbert Bynum, Calvin Tucker, and
Kenneth Sulewski as frivolous pursuant to 28 U.S.C.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915A(b)(1), and those claims are not now before us. The district court held that Lane's alleged injuries from the coffee incident were de minimis for Eighth Amendment purposes and accordingly dismissed Lane's instant lawsuit with prejudice. We review a grant of summary judgment de novo. Green v. Touro Infirmary, 992 F.2d 537, 538 (5th Cir. 1993).

A prison official violates the Eighth Amendment's prohibition of "cruel and unusual" punishment when force is used maliciously and sadistically to cause harm, "whether or not significant injury is evident." Hudson v. McMillian, 503 U.S. 1, 9 (1992). De minimis uses of physical force are excluded from constitutional recognition, "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (citation omitted). In Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), this court held that a prisoner's bruised ear, which allegedly hurt for only three days and for which the prisoner did not seek or receive medical treatment, was a de minimis injury. In comparison, in Williams v. Blackburn, No. 91-3373, slip op. at 3 (5th Cir. Dec. 29, 1993)(unpublished), a prisoner alleged that prison officials failed to protect him on two separate occasions when another inmate threw hot water on him. Finding that Williams suffered no significant injury, the district court dismissed the action. Id., slip op. at 2. We stated that as a result of the "steaming hot" water being thrown on him "Williams suffered first degree burns (redness and blisters) on his face and shoulders" and that "the burns ultimately healed without medical treatment." Slip op at 3.

This court reversed and remanded the § 1983 claims for reconsideration in light of the new standard set forth in Hudson but also stated that it did "not believe conduct resulting in first and second degree burns . . . may be considered *de minimis*." Id., slip op. at 16.

After the district court entered judgment in the instant case, this court decided Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999). The prisoner in Gomez allegedly sustained injuries when prison officials knocked him down, scraped his face against the ground, and then repeatedly beat and kicked him. Id. at 924-25. Noting the intense and extended use of force and that "by contrast" to Siglar "Gomez did receive medical treatment for his injury," the Gomez court held that the prisoner's alleged injuries were not de minimis under the Eighth Amendment. Id. at 924.

Prison medical records indicate that Lane sought and received medical treatment for blisters, which appeared on his skin within two days after the incident with Wellborn. Also, Lane's affidavit states that the coffee thrown on him was "scalding hot" and "smoking" (and that Wellborn threw the pitcher's contents on him deliberately and intentionally, with intent to harm him and without any provocation or reason).

The district court dismissed the suit on the sole basis that Lane's injuries considered alone were de minimis and without any evaluation of any of the other four factors set in our opinion in Hudson following remand from the Supreme Court. Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). Dismissal on the

sole basis of the de minimis nature of a complained of injury is warranted in certain circumstances. <u>Siglar</u>; <u>Gomez</u>. But the summary judgment evidence here—at least on the present record—supports a finding of more than such a de minimis injury. Accordingly, we VACATE the district court's grant of summary judgment for Wellborn and REMAND the excessive force claim against Wellborn for further proceedings not inconsistent herewith.

VACATED and REMANDED