IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20447
Summary Calendar
_____

PRUDENCIO CORDOVA,

Plaintiff-Appellant,

versus

J. BOLTON; GILBERTO M. GONZALES; BOBBY J. FLANAGAN;
W. BOOTH; JOHN F. MCAULIFFE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CV-96-H-2938
- - - - - - - - - -

December 27, 1999

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Prudencio Cordova, Texas prisoner # 238666, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) pursuant to a <u>Spears</u> hearing. Cordova argues that the defendants failed to submit relevant records prior to the evidentiary hearing; with respect to his retaliation claim, that the district court had overlooked his statement that Bolton had pointed him out to two other officers as the person who had filed a complaint against him; with respect to his excessive force claim, that the district court had overlooked

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the "pinch" was an injury intended as punishment that served no legitimate penal interest; that the defendants had conspired against him; and the district court had overlooked the fact that a liberty interest had been violated when he was disciplined solely on the word of an officer.

Cordova has not shown that the district court abused its discretion in dismissing his complaint as frivolous. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). Cordova did not express any need for the documents during the evidentiary hearing, and he was given an opportunity to describe the nature of his complaint. Cordova has also failed to demonstrate that the allegedly false disciplinary charge would not have occurred absent the retaliatory motive. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The bruise to Cordova's arm was a de minimis injury, insufficient to support an Eighth Amendment excessive-force claim. Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). Cordova's bald allegations regarding the existence of a conspiracy are insufficient to raise a § 1983 claim. Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Finally, Cordova's punishment as a result of the disciplinary conviction does not implicate a liberty interest protected by the Due Process Clause. Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997).

AFFIRMED.