IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10929
Summary Calendar
_____

REGINALD ROBERSON,

Plaintiff-Appellant,

versus

DALLAS COUNTY; T. NATT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-863-T
_____

January 10, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Reginald Roberson has appealed the decision of the district
court to dismiss his in forma pauperis (IFP), 42 U.S.C. § 1983,
complaint against Dallas County and Deputy T. Natt as frivolous
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  He alleged that Deputy
Natt violated his constitutional rights by using excessive physical
force against him while he was a prisoner at the Dallas County
jail.  Roberson alleged the following facts in his complaint:

(1) he is HIV positive and requires special medication;

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) he flooded his jail cell with toilet water to get attention after he did not receive his medication;

(3) Deputy Natt responded to his actions and ordered him to exit his jail cell, face the glass in front of his cell, and place his hands above his head against his cell door;

(4) he complied;

(5) Deputy Natt grabbed the collar of his jumper and shook him until he lost balance and fell on his stomach in a pool of toilet water;

(6) Deputy Natt jumped on his back, knee first, and repeatedly punched him in the mouth and slammed his face into the cement floor.  See id.

A district court is required to dismiss a prisoner's IFP civil rights complaint if the court determines that the action is frivolous or malicious.  See Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see also 28 U.S.C. § 1915(e)(2)(B)(i).  This court reviews for an abuse of discretion the district court's determination that an IFP complaint is frivolous under § 1915(e)(2)(B)(i).  Black, 134 F.3d at 734.  A complaint filed IFP is frivolous if it lacks an arguable basis in law or fact.  Id.  A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Roberson has abandoned his claim against Dallas County by failing to address it on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (appellant's failing to identify any error in the district court's analysis is the same as if the appellant had not appealed that judgment). The district court's decision to dismiss Roberson's claim against Dallas County is therefore AFFIRMED.

The district court abused its discretion in dismissing Roberson's excessive force claim against Deputy Natt as frivolous. When a prisoner alleges that a prison official used force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). "[T]o support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than de minimis physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). Relying on Siglar, 112 F.3d at 193-94 (holding that "sore, bruised ear lasting for three days" for which the prisoner did not seek or receive medical treatment was de minimis physical injury), the district court held that Roberson's physical injuries, a bruised lip and a swollen eye, treated with ibuprofen and eye drops, were de minimis. Roberson's

alleged physical injuries, however, are more analogous to those alleged by the prisoner in <u>Gomez</u>, 163 F.3d at 924-25 (holding that "'cuts, scrapes, [and] contusions to the face, head, and, body'" for which prisoner received medical treatment were more than <u>de minimis</u> physical injuries). Furthermore, the quantity of force that Roberson alleges that Deputy Natt applied was "of a character . . . [more] calculated to produce real physical harm." <u>Compare</u> <u>Gomez</u>, 163 F.3d at 924-25 (officers knocked prisoner down so his head struck concrete floor, scraped his face against floor, repeatedly punched him in face, and kicked him in face and head) <u>with</u> <u>Siglar</u>, 112 F.3d at 193 (officer twisted prisoner's arm behind his back and twisted his ear). We therefore REVERSE the district court's judgment with respect to Roberson's excessive-force claim against Deputy Natt.[1]

> AFFIRMED in part; REVERSED in part; and REMANDED.
> MOTIONS DENIED.

---

[1]Because this court has concluded that Roberson has alleged more than <u>de minimis</u> physical injuries, it need not determine whether the force allegedly used by Deputy Natt was of the kind "repugnant to the conscience of mankind" such that allegations of <u>de minimis</u> physical injuries may have been sufficient to state a claim. <u>See</u> <u>Gomez</u>, 163 F.3d at 924 n.4.

4