IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31120
Summary Calendar
_____

KEVIN PETERSON,

                                        Plaintiff-Appellant,

versus

JOANN PESHOFF, Individually and in
her official capacity; JOHNNY SMITH,
Individually and in his official capacity;
J. L. LACAZE, Individually and in his
official capacity; GERRY WILLIAMS, Individually
and in his official capacity; MATTHEW GOODIN,
Individually and in his official capacity;
PINDER, Officer, Individually and in her
official capacity; CHAPEL, Sergeant, Individually
and in his official capacity; JIM ROGERS,
Individually and in his official capacity,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-381
- - - - - - - - - - -

May 9, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kevin Peterson, Louisiana prisoner # 81761, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous under 28 U.S.C. § 1915(e).  He contends that the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court erred in not granting his motion for a default judgment or his motion for the appointment of counsel, in dismissing his claim for retaliation, and in failing to address his claims of excessive force, unconstitutional conditions of confinement for failing to provide outdoor exercise for approximately 47 days, and the defendants' conspiracy to support the disciplinary charges against him with false evidence and to have him punished and transferred to another facility for pursuing grievances and assisting other inmates with legal work.

The district court dismissed Peterson's complaint as legally frivolous, holding that Peterson had admitted that he was placed in lockdown as punishment for performing legal services for other inmates without first qualifying as a counsel substitute. The district court found that because there was a legitimate motive for placing him in lockdown, he could not establish the causation necessary to prove a retaliation claim.

The district court did not address Peterson's other contentions which he asserted in a motion to amend his complaint. Because the defendants were not served in this action, Peterson was entitled to amend his complaint once as a matter of right under FED. R. CIV. P. 15(a). Therefore, the district court should have addressed these issues.

We review the dismissal of an action as frivolous for abuse of discretion. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). The district court did not abuse its discretion in dismissing Peterson's retaliation claim. To establish retaliation, an inmate must allege the violation of a specific

constitutional right and show that but for the retaliatory motive the complained of incident would not have happened. Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). There is no constitutionally protected right to act as inmate counsel. Id. at 42-43. Therefore, the district court correctly denied Peterson's claim of retaliation based on his assisting other inmates with legal work.

Although the district court did not address his claim of retaliation with respect to filing grievances, Peterson's allegations that he was threatened for filing grievances do not state a claim. See Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir. 1995). Further, to the extent that Peterson seeks to challenge the disciplinary proceedings against him, such relief is not properly sought under § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc), cert. denied, 525 U.S. 1151 (1999).

Peterson's assertion that he was entitled to a default judgment is specious because the defendants in this action had not yet been served. Likewise, his challenge to the district court's failure to appoint counsel lacks merit. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991).

Peterson's contention that he was deprived of outdoor exercise for approximately 47 days is frivolous. See Wilkinson v. Maggio, 703 F.2d 909, 912 (5th Cir. 1983). To the extent Peterson may state a claim for deprivation of legal materials, he

has not shown or alleged actual injury resulting from such deprivation. Therefore, such claim is without merit. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996).

However, Peterson's assertion that correctional officers used excessive force by wantonly and maliciously spraying him with mace without provocation while he was confined in his cell is not frivolous. See Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999); Baldwin v. Stalder, 137 F.3d 836 (5th Cir. 1998). Without intimating any view as to the merits of this claim, we VACATE that portion of the judgment of the district court dismissing Peterson's claim for use of excessive force and remand this issue for further proceedings; we AFFIRM the judgment of the district court dismissing Peterson's remaining claims.

AFFIRMED IN PART; VACATED IN PART; REMANDED.