IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21059
Summary Calendar
_____

DARRELL C. LONKERT; ET AL.,

                                        Plaintiffs,

DARRELL C. LONKERT,

                                        Plaintiff-Appellant,

versus

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; ART MOSLEY;
MARSHALL HERKOLTZ; PRISCILLA DALY;
GARY L. JOHNSON, DIRECTOR TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
EDWARD E. MCELYEA; NFN HOLM, Lieutenant;
KENT RAMSEY; RONALD BELOW,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-3711
--------------------
August 18, 2000

Before JOLLY, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Darrell Lonkert ("Lonkert"), Texas prisoner # 593140, seeks

to proceed in forma pauperis ("IFP") in the appeal of the

dismissal of his civil rights complaint as frivolous under 28

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. § 1915. By moving for IFP, Lonkert is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Lonkert challenges the district court's decision to dismiss as frivolous: (1) his excessive-force claims against Officers Joel Terry and Ronald Below because he failed to allege sufficient injury; (2) his retaliation claims against Officers Terry and Darryl Pittman; (3) his claims stemming from his disciplinary hearings; and (4) his claims against defendants in their supervisory and official capacities.

The district court abused its discretion in dismissing as frivolous Lonkert's excessive-force claims against Officers Terry and Below. Lonkert's allegations that the officers beat him while he was restrained in handcuffs and that he suffered "a black eye, busted lips, a bloody nose, bruises and abrasions on his head and face, and nerve damage to his left arm" alleged sufficient injury to support his excessive-force claims. See Gomez v. Chandler, 163 F.3d 921, 924-25 (5th Cir. 1999).

The district court also abused its discretion in dismissing as frivolous Lonkert's retaliation claims against Officers Terry and Pittman. The decision to dismiss the claims was premature because Lonkert alleged that the officers made statements that demonstrated that they may have acted with a retaliatory intent. See Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993).

Lonkert has failed to show that the district court abused its discretion in dismissing as frivolous his claims stemming

from his disciplinary hearings and his claims against defendants in their supervisory and official capacities.

Lonkert's motion for IFP is GRANTED. The district court's dismissal as frivolous of Lonkert's claims stemming from his disciplinary hearings and his claims against defendants in their supervisory and official capacities is AFFIRMED. The district court's dismissal of Lonkert's excessive-force claims against Officers Terry and Below and his retaliation claims against Officers Terry and Pittman are VACATED and REMANDED.

MOTION FOR IFP GRANTED; AFFIRMED IN PART; VACATED AND REMANDED IN PART.