IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-51118

Summary Calendar

---

BENITO LUNA,

Plaintiff-Appellee-Cross-Appellant,

versus

CLINTON D. LOWE; KEVIN T. SMITH,

Defendants-Appellants-Cross-Appellees.

---

Appeals from the United States District Court
For the Western District of Texas
(SA-97-CV-640)

---

November 7, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Correctional officers Clinton Lowe and Kevin Smith each admit striking inmate Benito Luna once after he had been subdued with tear gas and was lying naked face down on the floor, with his hands cuffed behind his back and his ankles crossed, with his feet near or touching his buttocks and Lowe leaning on top of his legs. Lowe struck Luna one time on the right side of his body with his fist, and Smith struck Luna with his knee on the right side of his face.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Testimony from several officers established that at the time of the incident, Luna was not resisting and complied with the officers' orders. Lowe and Smith were formally reprimanded for their conduct, and testified that their actions were deliberate. They provided no justification for their actions at trial. Luna brought the instant action, alleging excessive force in violation of the Eighth Amendment, and a jury returned a verdict in favor of Lowe and Smith. The officers appeal the district court's decision to grant Luna's motion for a new trial and enter an order granting summary judgment in favor of Luna.

We review the district court's grant of a new trial for abuse of discretion.[1] The district court's grant of summary judgment is reviewed *de novo*, applying the same summary judgment standard as that applied by the district court.[2] Lowe and Smith claim that there is no evidence that Luna suffered any physical injuries as a result of their actions, and state that their actions were not premeditated or intended as punishment.

Neither of these factors are relevant, for Lowe and Smith can provide no justification for striking Luna. Because Luna was immobilized and unable to injure the officers, their punching and kneeing of him indicates that force was not applied in a good faith effort to maintain or restore discipline.[3] The Supreme Court has

---

[1] *Peterson v. Wilson*, 141 F.3d 573, 577 (5th Cir. 1998).

[2] *Williams v. Bramer*, 180 F.3d 699, 702 (5th Cir. 1999).

[3] *Whitley v. Albers*, 475 U.S. 312, 320 (1986).

held that in the absence of any way in which "the use of force could plausibly have been thought necessary," it "instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur."[4]

Lowe and Smith claim that, even if their conduct violated the Eighth Amendment, Luna did not suffer an injury sufficient to sustain an excessive force claim. At trial, a registered nurse testified that Luna was injured as a result of the incident. To support an Eighth Amendment excessive force claim, a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor.[5] The district court did not abuse its discretion in granting Luna's motion for a new trial, and did not err in granting summary judgment on the issue of liability.

Luna appeals the application of 42 U.S.C. § 1997e in calculating his award of attorney's fees. He claims that Section 1997e applies only to suits challenging prison conditions, not to excessive force claims. The attorney fee provision of Section 1997e applies to cases brought under 42 U.S.C. § 1988, which governs actions filed under 42 U.S.C. § 1983.[6] Thus Section 1997e applies in this case, and the district court did not err. AFFIRMED.

---

[4] *Id*. at 321.

[5] *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).

[6] 42 U.S.C. § 1997e(d)(1).