IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30997

_____

DAVID JAMES EDWARDS,

Plaintiff-Appellant,

v.

K STEWART,

Defendant-Appellee.

--------------------

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
01-CV-429-D

--------------------
May 10, 2002

Before SMITH, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

David James Edwards ("Edwards"), a Louisiana prisoner, appeals the dismissal for failure to state a claim of his 42 U.S.C. § 1983 *in forma pauperis* action against K. Stewart ("Stewart"), a Lieutenant at Hunt Correctional Center. We review the dismissal *de novo*, taking all of the plaintiff's factual allegations as true. *See Clay v. Allen*, 242 F.3d 679, 680 (5th Cir. 2001).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

Edwards alleges that on July 8, 2000, while restraining another prisoner, Stewart told Edwards that he would be next. Shortly afterwards, without provocation, Stewart attacked him. While Edwards was in his cell, Stewart sprayed him with "pepper gas" and said "I told you I was going to get you." Stewart left for a few minutes. Upon his return, he ordered Edwards to come to the bars to be restrained. Edwards complied, and, after restraining him, Stewart sprayed Edwards with the remainder of the pepper gas. Subsequently, Stewart ordered that the cell door be opened, grabbed Edwards, pushed him, and then hit him on the back of the head several times with the spray can, causing Edwards to fall to the floor. While Edwards was on the floor covering his face, Stewart hit him several more times with the can, causing cuts to Edwards' fingers. Stewart then kicked Edwards on the neck, head and chest while he lay on the floor, causing Edwards to suffer from neck pain and headaches. Edwards alleges that the kicking continued until other officers arrived and stopped Stewart.

Edwards' alleged injuries consisted of neck pain, headache, light abrasions and cuts to his thumb and two of the fingers on his right hand, and superficial lacerations to his right ear. He received treatment for his injuries at the infirmary.

Edwards filed a complaint *in forma pauperis*. He alleged that Stewart had used excessive force against him in violation of the

2

Eighth Amendment, and asserted state law claims for assault, battery, and negligence. Adopting the magistrate judge's report and recommendation which found that Edwards had failed to allege that he sustained more than *de minimis* physical injury as a result of Stewart's alleged actions, the district court dismissed Edwards' complaint pursuant to 42 U.S.C. § 1997e(e), without prejudice to the state law claims.

DISCUSSION

The core inquiry in evaluating an excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1 (1992). Where, as is the case here, the plaintiff alleges that the force was applied maliciously and sadistically to cause harm "there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999) (emphasis added). Nonetheless, *de minimis* uses of force are excluded from constitutional recognition. *Hudson*, 503 U.S. at 9.

The magistrate's report and recommendation, which the district court adopted, concluded that Edwards' alleged injuries were *de minimis*. Consequently, the district court found that Edwards'

allegations did not satisfy the requirement of a showing of physical injury under 42 U.S.C. § 1997e(e).[1]

In finding that Edwards' injuries were *de minimis*, the magistrate judge relied on *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). In *Siglar*, we applied the principles set out in *Hudson*, holding that "well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimus*, [sic] but need not be significant." *Id.* at 193. Given that the plaintiff's injuries in that case consisted of a sore, bruised ear, for which Siglar did not seek medical treatment, and which had resulted from a corrections officer twisting his ear, we found that his injuries were *de minimis* and affirmed the dismissal of his claims. *Id.* at 194.

But in *Gomez* we found that the plaintiff had alleged more than *de minimis* physical injury where he had suffered "cuts, scrapes, contusions to the face, head and body" as a result of being knocked down, punched and kicked. 163 F.3d at 924-25. Significantly, in *Gomez*, unlike in *Siglar*, the plaintiff had received medical treatment for his injuries. *Id.* at 924. In our analysis of

---

[1] This section provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

whether the injuries were *de minimis*, we also took into account that the character of the attack on Siglar's person "was obviously far briefer and of a character far less intense and less calculated to produce real physical harm than that here." *Id.*

The plaintiff's alleged injuries in this case are comparable to the injuries in *Gomez* and much more severe than the injuries alleged in *Siglar*. Edwards' alleged injuries consist of cuts to his fingers and thumb, headache, neck pain, and lacerations to the ear, and he received medical treatment for the injuries. Moreover, Edwards' injuries allegedly resulted from a highly intense attack that was likely to produce serious physical harm: Edwards alleges that he was repeatedly pushed to the floor, kicked, and beaten with a can, in addition to being sprayed with pepper gas. Given these factual allegations, it cannot be said as a matter of law that Edwards' injuries were *de minimis.*

CONCLUSION

Because, taking Edwards' factual allegations as true, his injuries were more than *de minimis*, the district court erred in dismissing his federal claims. Consequently, we REVERSE the district court's order, and REMAND for further proceedings. Of course, we express no view on the ultimate merit of the case.

5