United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41290
Summary Calendar

CLIFFORD ALLEN SMITH,

Plaintiff-Appellant,

v.

GEAN LEONARD,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 3:06-CV-288

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Clifford Smith, a Texas prisoner, appeals the dismissal of his 42 U.S.C. § 1983 complaint against Galveston County Sheriff Gean Leonard in which he complains of poor prison conditions consisting of lead paint, mold, asbestos, and unsanitary food slots. In dismissing Smith's complaint as frivolous and for failure to state a claim for which relief could be granted, the district court ac-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cepted the report and recommendation of the magistrate judge ("MJ") in which the MJ determined that Smith had not alleged a physical injury as required under 42 U.S.C. § 1997e(e). We review the district court's decision de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005); Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

Smith argues that his symptoms constituted physical injuries and that Leonard's failure to remove allegedly toxic mold from the jail is gross negligence. Smith's alleged symptomsSSheadaches, sinus problems, trouble breathing, blurred vision, irritated eyes, and fatigueSSmay be sufficient to state a claim of physical injury under 42 U.S.C. § 1997e(e). See Alexander v. Tippah County, 351 F.3d 626, 630-31 (5th Cir. 2003); Gomez v. Chandler, 163 F.3d 921, 924-25 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). To the extent Smith's gross negligence claim is liberally construed to allege an Eighth Amendment claim of cruel and unusual punishment, he has alleged facts sufficient to preclude a determination that his mold claim is frivolous or fails to state a claim. See Geiger, 404 F.3d at 373; Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir. 2000), overruled on other grounds by McClendon v. City of Columbia, 305 F.3d 314 (5th Cir. 2002) (en banc); Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999). Accordingly, we vacate the judgment as to the mold claim and remand for further proceedings on that claim. See Geiger, 404 F.3d at 373; Black, 134 F.3d at 733-34.

Smith does not make any arguments on appeal concerning lead paint, asbestos, or unsanitary food slots. Because he has abandoned those claims, we affirm their dismissal. See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999).

The judgment is AFFIRMED in part and VACATED in part, and this case is REMANDED for further proceedings.