IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30214
_____


ROBERT MONROE


                                 Plaintiff - Appellant

     v.

AUBREY MELDER, Shift Captain Allen Correctional Center;
DELTON HILLMAN, Walk Sergeant Allen Correctional Center;
MARK SONNIER, Shift Lieutenant Allen Correctional Center


                                 Defendants - Appellees


_____

Appeal from the United States District Court
for the Western District of Louisiana
U.S.D.C. No. 98-CV-724
_____
January 10, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and DUHÉ, Circuit
Judges.

PER CURIAM:[*]

     Appellant-Plaintiff Robert Monroe is a prisoner at Allen

Correctional Center in Kinder, Louisiana.  Defendants-Appellees

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Aubrey Melder, Delton Hillman, and Mark Sonnier are correctional officers at Allen Correctional Center.  Monroe appeals the district court's judgment, which granted summary judgment in favor of Defendants-Appellees on Monroe's Eighth Amendment excessive force claim brought pursuant to 42 U.S.C. § 1983.  For the following reasons, we AFFIRM.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Robert Monroe filed a pro se, in forma pauperis complaint pursuant to 42 U.S.C. § 1983 alleging that Allen Correctional Center officers Aubrey Melder, Delton Hillman, and Mark Sonnier (collectively the "Officers") used excessive force against him in violation of the Eighth Amendment.  Monroe contends that on January 3, 1997, the Officers physically assaulted him without justification and without penological reason while escorting him through the cell block.  The Officers deny that excessive force was used on Monroe.

According to Monroe, the assault resulted from his refusal to accept legal mail at an early hour of the morning.  Monroe claims he was roused at 3:00 am in order to receive his legal mail.  Unhappy with the hour, he refused to sign for the mail, and, as a result of this refusal, he was ordered to report to Captain Melder at the command post.  At the command post, Captain Melder ordered Sergeant Hillman to handcuff Monroe's hands behind

2

his back.  Melder then reprimanded Monroe.  Monroe alleges that as he was being led out of the command post still handcuffed, Hillman placed him in a choke-hold, and Melder punched him three times in the head and face, causing a one-inch gash over his eye. Monroe also alleges that Lieutenant Sonnier punched him in the mouth while being held by Hillman.  Monroe was taken to the infirmary, and his eye was sutured.  Monroe also received treatment for headaches.

The Officers strongly dispute Monroe's factual allegations. They aver that Monroe caused a disturbance in his cell block because he believed he was not receiving his legal mail. According to the Officers, Monroe refused direct orders to stop yelling about his mail and was therefore escorted to Melder at the command post.  After speaking with Melder, Monroe was handcuffed and ordered to prehearing detention.  The Officers allege that Monroe broke free of their custody and attempted to flee down the hall.  After he was under control, Monroe refused to continue forward.  Despite several verbal orders to move, Monroe refused, and Melder and Hillman were required to physically escort him.  The Officers allege that Monroe struggled with them and, due to that struggle, lost his balance, falling headfirst against the fence alongside the hallway and then to the ground.  Sonnier claims he responded to a distress code seeking assistance by the Officers and witnessed Monroe lose his balance and fall to the floor.  The Officers state that the injury to

3

Monroe's eye was the result of the fall against the fence and the floor. They concede that Monroe was treated at the infirmary on January 3, 4, 6, 8, 16, and 24, 1997.

As a result of the incident, Monroe brought suit seeking monetary damages and injunctive relief. Monroe filed claims through the Louisiana Correctional Administrative Remedy Procedure ("ARP") and in both state and federal courts.[1] The

---

[1] On January 22, 1997, Monroe timely filed an ARP request pursuant to LA. REV. STAT. ANN. §§ 15:1171-1179. Monroe properly exhausted all three steps of the ARP system, being denied in all three stages. Monroe's "third step review" was denied March 6, 1997. On June 27, 1997, Monroe refiled a petition for review in Louisiana's 19th District Court, Parish of East Baton Rouge. The 19th District Court has been designated under Louisiana law as the court to hear all requests for judicial review of ARP decisions. See LA. REV. STAT. ANN. § 15:1177 (West 2000).

On July 28, 1997, Monroe filed suit in federal court along with several other inmates, seeking declaratory and injunctive relief from cruel and unusual punishment in the form of excessive force used by correctional officials. On July 17, 1998, Monroe's excessive force claim was severed from the claims of the other inmates and allowed to go forward as a separate action.

On December 8, 1998, the Officers moved to stay the federal proceedings until a final resolution of the matter was achieved in Louisiana's 19th District Court. The magistrate judge denied the motion. On September 16, 1999, the Officers moved for summary judgment in federal court on the grounds that Monroe's ARP appeal before Louisiana's 19th District Court had been dismissed on March 30, 1999, and because Monroe had failed to appeal the adverse decision, was now a final judgment with res judicata effect. On November 18, 1999, the district court adopted the magistrate judge order denying the motion for summary judgment on res judicata grounds, and found that Monroe was not given a full and fair opportunity to litigate his constitutional challenges in the state court proceeding. Because we resolve Monroe's appeal of the district court grant of summary judgment on the excessive force claim, we need not reach the Officers' res judicata argument.

4

instant Eighth Amendment excessive force case was brought pursuant to 42 U.S.C. § 1983.

On November 3, 1999, the Officers moved for summary judgment on the following grounds: (1) Monroe had failed to establish that the Officers had exerted excessive force in violation of the Eighth Amendment; and (2) Monroe had failed to demonstrate that he had suffered more than a de minimis injury as a result of the alleged excessive force. Monroe failed to respond to this motion for summary judgment. On January 28, 2000, the district court adopted the magistrate's order granting the Officers' motion for summary judgment on Monroe's excessive force claims.

Monroe timely appeals this grant of summary judgment in favor of the Officers.

## II. STANDARD OF REVIEW

This court reviews a grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmovant. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998); see also Tolson v. Avondale Indus., Inc., 141 F.3d 604, 608 (5th Cir. 1998). "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"

5

See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).  The moving party bears the burden of showing the district court that there is an absence of evidence to support the nonmoving party's case.  See <u>Celotex</u>, 477 U.S. at 325.  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  <u>Tubacex, Inc. v. M/V Risan</u>, 45 F.3d 951, 954 (5th Cir. 1995).  "A dispute over a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" <u>Smith</u>, 158 F.3d at 911 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).  The substantive law determines which facts are material.  See <u>Anderson</u>, 477 U.S. at 248.


### III. SUMMARY JUDGMENT MOTION ON EXCESSIVE FORCE CLAIM

To prevail on an Eighth Amendment excessive force claim, the central question that must be resolved is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992); <u>see also</u> <u>Gomez v. Chandler</u>, 163 F.3d 921, 923 (5th Cir. 1999); <u>Eason v. Holt</u>, 73 F.3d 600, 601-02 (5th Cir. 1996).  The Court in <u>Hudson</u> "placed primary emphasis on

the degree of force employed in relation to the apparent need for it, as distinguished from the extent of injury suffered." Gomez, 163 F.3d at 923 (citing Hudson, 503 U.S. at 7). In determining whether an Eighth Amendment excessive force claim has been demonstrated, courts consider: "1. the extent of the injury suffered, 2. the need for the application of force, 3. the relationship between the need and the amount of force used, 4. the threat reasonably perceived by the responsible officers, and 5. any efforts made to temper the severity of a forceful response." Gomez, 163 F.3d at 923 (internal quotations and citations omitted).

Further, the physical injury suffered as a result of the excessive force must be more than de minimis, but need not be significant. See id. at 924 ("[T]he law of this Circuit is that to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than de minimis physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor.")[2]; see also Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (finding that plaintiff's claim of a sore bruised ear

---

[2] As was recognized in Gomez and Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), this court has left open the possibility that "a physical injury which is only de minimis may nevertheless suffice for purposes of the Eighth Amendment and [42 U.S.C. §] 1997(e)(e) if the force used is of the kind 'repugnant to the conscience of mankind.'" Gomez, 163 F.3d at 924 n.4 (citing Hudson, 503 U.S. at 10; see also Siglar, 112 F.3d at 193.

7

lasting three days to be de minimis).  But see Brooks v. Kyler,

204 F.3d 102, 108 (3d Cir. 2000) (finding that absence of proof

of minor or significant injury does not mandate dismissal of

excessive force claim); Griffin v. Crippen, 193 F.3d 89, 91 (2d

Cir. 1999) (finding that minor injuries in excessive force claim

did not warrant dismissal on summary judgment motion).

The Officers' motion for summary judgment included evidence

to support their argument that they did not use excessive force

against Monroe.  See Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th

Cir. 1992) ("The movant accomplishes [meeting its burden] by

informing the court of the basis for its motion, and by

identifying portions of the record which highlight the absence of

genuine factual issues.").  First, they provided signed

affidavits stating that they had never physically abused Monroe[3]

and attached the unsigned and unsworn prison incident reports

which substantiated the Officers' factual averments that they

acted in good-faith to restore discipline and did not act

maliciously or sadistically.  Further, they provided documentary

---

[3]  All three defendants signed the following two sworn
affidavit statements, (1) "He has read the complaint filed by
Robert Monroe in this matter and does not recall the events
alleged therein"; (2) "He denies ever having beaten or otherwise
physically abused Robert Monroe on any date, including on January
3, 1997."  While the Officers' statement, that they do not recall
the events alleged, could be considered in conflict with their
averment that they did not assault Monroe, this internal conflict
will not alone create a genuine issue of material fact.  See 11
JAMES WM. MOORE ET. AL., MOORE'S FEDERAL PRACTICE ¶ 56.14[1][f] (3d ed.
1999) ("Two conflicting conclusory affidavits submitted by the
same party do not preclude summary judgment.").

8

evidence that they claim demonstrated that Monroe did not receive more than de minimis injuries from the incident. This evidence, uncontradicted in the record, includes the medical records concerning the extent of Monroe's injury and the medical reports and records of the incident detailing Monroe's limited injuries.[4] The Officers' motion also includes a statement of uncontested facts and a memorandum of law in support of summary judgment. This evidence, providing documented proof that the Officers did not assault Monroe, and did not cause more than a de minimis injury, satisfied the initial burden of the Officers to "demonstrate the absence of a genuine issue of material fact." See Celotex, 477 U.S. at 325.

Monroe failed to respond to the Officers' motion for summary judgment on the excessive force claim. In doing so, Monroe failed to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." See Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996) ("To meet [its] burden, the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports its claims. As to material facts on which the nonmovant will bear the burden of proof at trial, the nonmovant must come

---

[4] The motion for summary judgment also includes an affidavit from the Health Administrator for Allen Correctional Center certifying the medical records and an affidavit from a doctor who treated Monroe for eye problems in June 1997, which stated Monroe's June injuries were unrelated to the incident in January 1997.

forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." (internal quotations and citations omitted)); see also Unida v. Levi Strauss & Co., 986 F.2d 970, 975-76 (5th Cir. 1993) (finding that summary judgment is appropriate when the nonmovant has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). After the burden shifted to the nonmovant, Monroe made no affirmative showing to direct the district court toward a material fact at issue or to establish the existence of an essential element to his excessive force claim.

By failing to file any opposition to the Officers' motion for summary judgment, Monroe did not identify or demonstrate an issue of material fact that would defeat summary judgment.[5] The district court's grant of summary judgment in favor of the Officers was therefore proper. See Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992) ("Rule 56 does not impose upon the district court a duty to sift through the record

---

[5] Of course, Monroe's failure to oppose summary judgment does not automatically mean a grant of summary judgment is appropriate. See John v. State of Louisiana, 757 F.2d 698, 709 (5th Cir. 1985) ("We hold, therefore, that the summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment."). The burden still rests on the movant to demonstrate the absence of a material fact at issue for trial. However, since the Officers met their initial burden, Monroe's failure to respond means summary judgment was appropriately granted.

in search of evidence to support a party's opposition to summary judgment."); Savers Fed. Sav. & Loan Ass'n v. Reetz, 888 F.2d 1497, 1501 (5th Cir. 1989) ("[W]e have rejected the assumption that the entire record in the case must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered." (internal quotations and citations omitted)).  Applying the same standard as the district court in our review of summary judgment, see Unida, 986 F.2d at 975, we hold that Monroe has failed to meet his burden of demonstrating that genuine issues of material fact exist for his claim to survive a motion for summary judgment.  See Skotak, 953 F.2d at 915 n.7 ("Rule 56 allocates th[e] duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact.").

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court granting summary judgment in favor of Defendants-Appellees on Monroe's Eighth Amendment excessive force claim.

11